**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**STATE OF FLORIDA, ex rel,**
**ZOLTAN BARATI,**

**Plaintiffs,** **Case No.: 4:10cv316-RH/WCS**

**v.**

**MOTOROLA, INC., A Foreign**
**For Profit Corporation, and**
**MORPHOTRAK, INC., A Foreign**
**For Profit Corporation,**

**Defendants.**
_______________________________________/

**PLAINTIFF'S MOTION FOR REMAND, REQUEST TO WITHHOLD RULINGS, AND TO TOLL TIME PERIODS, PENDING COURT'S DECISION REGARDING FEDERAL COURT JURISDICTION, REMOVAL AND REMAND TO STATE COURT**

COMES NOW *ex rel* Zoltan Barati, Relator and Plaintiff in the above styled case (herein also referred to as "Plaintiff" or "Relator"), by and through his undersigned counsel, and hereby asserts there is no federal court jurisdiction in the above styled case and moves this Honorable Court to remand the said case to the Circuit Court of the Second Judicial Circuit In and For Leon County, Florida (herein also referred to as "state court"), and with the exception of matters relating to federal court jurisdiction, removal and remand, to withhold all rulings and to toll all time periods the Plaintiff may have pursuant to the Fed. R. Civ. P., N.D. Fla. Loc. R., and relevant Court Orders, pending the Court's ruling regarding federal court jurisdiction, removal and remand in the present case, and states:

**I. The Presence of The State of Florida As A Real Party In Interest In the Subject Lawsuit Precludes Diversity Jurisdiction And Removal To Federal Court**

1. Notwithstanding the Florida Attorney General's decision to not intervene in the Plaintiff's Florida False Claims Act *qui tam* action (Fla. Stat. §§ 68.081 – 68.09) at this time, the State of Florida is nevertheless a "real party in interest" in this case.

2. Because the State of Florida is a real party in interest, diversity jurisdiction pursuant to 28 U.S.C. § 1332 does not exist as a matter of law. Absent diversity jurisdiction, removal to federal court pursuant 28 U.S.C. §§ 1441 and 1446 is not authorized as this case does not involve a case or controversy under the U.S. Constitution, treaty, federal statute or otherwise present a federal question, and should therefore, be remanded to state court.

**II. The Defendants' Failure To Timely Demonstrate Unanimity Regarding Removal Precludes Their Right To Remove The Subject Case To Federal Court**

3. Plaintiff served Defendants Motorola Inc. ("Motorola") and MorphoTrak, Inc. ("MorphoTrak") with a Summons and copies of the Complaint, including Exhibits, on July 2, 2010, as stated in the "Notice of Return of Service" filed by Plaintiff in state court on July 8, 2010 (Doc. 19-3, composite).

4. On July 27, 2010, Defendant Motorola filed a "Notice of Removal" pursuant to 28 U.S.C. §§ 1441 and 1446 (albeit defective), asserting diversity jurisdiction under 28 U.S.C. §1332.

5. While the Plaintiff's case was pending in state court, Defendant MorphoTrak requested, and Plaintiff agreed, to extend Defendant MorphoTrak's time for filing a response to Plaintiff's Complaint until August 9, 2010. Plaintiff's counsel does not recall discussing with Defendant MorphoTrak's counsel the need for filing any kind of "stipulated motion" confirming

the agreed upon extension, and is certain counsel did not discuss removal to U.S. District Court, much less an extension of time for doing so.

6. While the subject lawsuit was pending in state court, Defendant Motorola requested, and Plaintiff agreed, to extend Defendant Motorola's time for filing a response to Plaintiff's Complaint pending in state court, until August 20, 2010. Plaintiff's counsel does not recall discussing with Defendant Motorola's counsel the need for filing any kind of "stipulated motion" confirming the agreed upon extension, which appears to be supported by the fact Defendant Motorola did not file any kind of "stipulated motion" in state court seeking confirming the parties' agreement. Similarly, Plaintiff's counsel and Defendant Motorola's counsel never discussed Defendant Motorola filing a Motion seeking the U.S. District Court's "Approval of Stipulation Extending Time to File Response to Complaint."

7. Prior to August 2, 2010, copies of the documents Defendant Motorola electronically filed in U.S. District Court regarding the subject case were provided to Plaintiff's counsel by regular U.S. Mail. Plaintiff's counsel did not learn of Defendant Motorola's "Motion for Approval of Stipulation Extending Time to File Response to Complaint" (Doc. 3) seeking federal court confirmation of the parties' previously agreed upon extension, until the U.S. District Court entered an Order granting the said motion on August 2, 2010. (Doc. 18)

8. As stated in Defendant Motorola's "Motion for Approval of Stipulation Extending Time to File Response to Complaint" (Doc. 3), counsel for Motorola informed Plaintiff's counsel Defendant Motorola anticipated pursuing removal of the subject case to U.S. District Court. Plaintiff's counsel informed Motorola's counsel that Plaintiff opposed removal of the Plaintiff's lawsuit to U.S. District Court, and questioned Motorola's basis for asserting federal court jurisdiction. Counsel for Defendant Motorola acknowledged further review regarding removal

and federal court jurisdiction may be in order, and in no way suggested Defendant Motorola would promptly file its "Notice of Removal" following counsels' telephone conference; contrary to any implication otherwise in Defendant Motorola's "Motion For Approval of Stipulation Extending Response To Complaint."

9. Defendant MorphoTrak did not file a "Notice of Removal" or a "Notice of Consent To Removal" within the 30-day period following service of a Summons and a copy of Plaintiff's Complaint, and as of this date has not yet filed a "Notice of Consent to Removal."

10. Because Defendant MorphoTrack failed to file a timely "Notice of Removal" or "Notice of Consent To Removal," the Defendants have failed to timely demonstrate unanimity in their desire to remove the subject case to federal court, and therefore, are now precluded from removing the subject case to U.S. District Court.

**III. Request to Stay Ruling on Defendant MorphoTrak's Motion to Dismiss And To Toll Plaintiff's Time Periods To Respond To Defendants' Motions And The Court's Initial Scheduling Order Pending Court's Rulings On Federal Jurisdiction, Removal and Remand**

11. Based on the relevant statutes, appellate case law and decisions of other U.S. District Courts faced with factually similar cases, "Plaintiff's Notice To Court Regarding Federal Court Jurisdiction" (Doc. 25), and this "Motion for Remand" appear to be well-founded.

12. Should Plaintiff prevail in its Motion for Remand based on a lack of federal court jurisdiction, prior rulings by the U.S. District Court substantively impacting the Plaintiff's claims may be rendered void.

13. Plaintiff respectfully suggests that except for matters relating to federal court jurisdiction, removal and remand, this Honorable Court should withhold rulings and toll all time periods Plaintiff has to respond to Defendants' motions (including Defendant MorphoTrak's

ending Motion to Dismiss) and the Court's "Initial Scheduling Order," until the Court has entered it rulings relating to federal court jurisdiction, removal and remand.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

COMES NOW *ex rel* Zoltan Barati by and through his undersigned counsel and files this "Memorandum Of Law" in support of Plaintiff's assertion this case should be remanded to the Circuit Court of the Second Judicial Circuit In and For Leon County, Florida, as there is no federal court jurisdiction, and states:

**Introduction**

In its "Notice of Removal" (Doc. 1) Defendant, Motorola states the following in support of its assertion of "complete diversity of citizenship" in the subject lawsuit for purposes of federal court jurisdiction pursuant to Title 28 U.S.C. Section 1332:

> The Plaintiff alleges that the State of Florida is a party to the action although on information and belief the State of Florida has declined to intervene in the action. Zoltan Barati, the Relator, is a citizen of California. See Complaint at ¶ 12. Defendant Motorola has its principal place of business in the State of Illinois. See Complaint at ¶ 13. Defendant MorphoTrak, Inc. is a foreign for profit corporation and wholly-owned subsidiary of Sagem Sécurité, a French corporation headquartered in Paris, France. See Complaint at ¶ 16.

Defendant Motorola's focus on the fact the State of Florida is technically not a party to the subject lawsuit (at least for the present) due to the Florida Attorney General's failure to intervene at this time, is entirely misplaced. Moreover, Defendant MorphoTrak has failed to file a timely "Notice of Consent" to the subject removal. The State of Florida's status as a "real party in interest," as well as the Defendants' failure to timely demonstrate unanimity regarding their desire to remove the subject case to federal court, require remand of the Plaintiff's lawsuit to the Circuit Court of the Second Judicial Circuit In and For Leon County, Florida.

**I. The State of Florida's Status As A "Real Party In Interest" Precludes Federal Jurisdiction Based On Diversity**

1. Presented with facts similar to those in the present case involving a defendant's removal of a state *qui tam* action filed in New Mexico State Court pursuant to New Mexico's "Fraud Against Taxpayers Act" (NMSA §§44-9-1 to 44), the United States District Court for the District of New Mexico, relying on long-established federal appellate court authority, held "the presence of a state or state agency as a party to a lawsuit precludes any possibility that diversity jurisdiction will exist; it is settled law that neither a state nor an arm of a state is a 'citizen' of any state, for purposes of the diversity-jurisdiction statute." *New Mexico, ex rel National Education Assn. of New Mexico, Inc. v. Austin Capital Management Ltd.*, 671 F.Supp. 2d 1248 (D.N.M., 2009), citing *Moor v. Alameda County*, 411 U.S. 693, (1973), wherein the United States Supreme Court held "[t]here is no question that a State is not a 'citizen' for purposes of diversity jurisdiction. That proposition has been established at least since this Court's decision in *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894)."

2. U.S. District Courts located in other states having state *qui tam* statutes have consistently held that even if a state declines to intervene in a state *qui tam* or similar action brought on behalf of a state, diversity jurisdiction is still precluded if the state is a real party in interest. *New Mexico, ex rel National Education Assn. of New Mexico, Inc. v. Austin Capital Management Ltd.*, 671 F.Supp. 2d 1248 (D.N.M., 2009); *State of Alabama ex rel Galanso v. Star Service & Petroleum Co., Inc.*, 616 F.Supp. 429 (S.D. Ala. 1985). The Supreme Court of the United States has defined a real party in interest as "an actor with a substantive right whose

interests may be represented in litigation by another . . . who generally benefits from the action's final outcome." *United States ex rel Eisenstein*, 129 S.Ct. 2230, 2235 (2009).

3. The State of Florida has a significant financial interest in the present case as it is entitled to receive 70% – 75% of all amounts recovered (which include three (3) times the amount of overpayments the Defendants' received as a result of fraud or gross negligence, fines and penalties). Moreover, the Florida Attorney General, who may seek intervention at any time despite having previously declined to intervene, remains on the on the certificate of service of all documents filed in the action, and may seek to voluntarily dismiss the action at any time notwithstanding the objections of the person initiating the action. Finally, Florida's Chief Financial Officer, through the Florida Department of Financial Services, may intervene at any time on its own behalf as a matter of right. See Florida False Claims Act, §§ 68.081 – 68.09, Florida Statutes. Accordingly, the State of Florida is very much a real party in interest.

4. Plaintiff does not anticipate Defendants will challenge FDLE's status as an "arm-of-the-state," as the test for "arm-of-the-state" status asks whether a judgment against the particular entity would be payable by the state, and then examines the following additional factors: (1) the characterization of the governmental unit under state law; (2) the guidance and control exercised by the state over the governmental unit; (3) the degree of state funding received; and (4) the governmental unit's ability to issue bonds and levy taxes on its own behalf. *New Mexico, ex rel National Education Assn. of New Mexico, Inc.* at 1252 (citing *Sturdevant v. Paulsen,* 218 F.3d 1160, 1165-66 (10th Cir.2000).

5. Article IV, section 4(g) of the Florida Constitution, places FDLE under the joint control of Florida's Governor (as chair), Chief Financial Officer, Attorney General, and Commissioner of Agriculture. Moreover, as the State of Florida's primary statewide law enforcement agency, the vast percentage of FDLE's annual operating budget is provided through appropriations approved by the Florida Legislature. Finally, any judgment against FDLE would certainly be paid by the State of Florida.

**II. Defendants' Failure To Timely Demonstrate Unanimity Regarding Removal Precludes Their Right To Remove The Subject Case To Federal Court**

6. As previously stated, each Defendant was served with a Summons and a copy of the Plaintiff's Complaint on July 2, 2010. While the subject lawsuit was pending in the Circuit Court of the Second Judicial Circuit In and For Leon County, Florida, and before the deadline for filing a response to the Plaintiff's Complaint (July 22, 2010), attorneys for each Defendant contacted Plaintiff's counsel on a different occasion (first MorphoTrak's counsel followed by Motorola's counsel several days later) requesting an extension of time in which to file their respective client's response to the Plaintiff's Complaint. Plaintiff's counsel agreed to extend the deadline for filing a response to Plaintiff's Complaint as requested by each Defendant; August 9, 2010, as requested by Defendant MorphoTrack, and August 20, 2010, as requested by Defendant Motorola. Although without impact either way, it should be noted that in seeking extensions for their respective clients regarding the deadline for filing a response to Plaintiff's Complaint, neither Defendant MorphoTrak's counsel nor Defendant Motorola's counsel discussed with Plaintiff's counsel, or mentioned in any way, the possibility of an extension regarding the deadline for filing a "Notice of Removal" or a "Consent To Notice of Removal."

7. Title 28 U.S.C. § 1446 sets forth the procedure for removing a state court case to federal court. Section 1446(a) of Title 28 provides "[a] defendant or **defendants** desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . ." [**Bold added**]. Section 1446(b) of Title 28 states "[t]he notice of removal of a civil action or proceeding shall be filed within **thirty days after the receipt by the defendant, through service or otherwise,** of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." [**Bold** added]

8. Defendant Motorola filed a flawed "Notice of Removal" on July 27, 2010 (Doc. 1), which Plaintiff's counsel received several days later by regular U.S. Mail.[1] The "Notice of Removal" (Doc. 1) filed by Defendant Motorola in no way refers to Defendant MorphoTrak having joined or otherwise consented to Defendant Motorola's "Notice of Removal." In fact, the "WHEREFORE" clause of Defendant Motorola's "Notice of Removal" (Doc. 1) states **"Defendant Motorola respectfully requests** that the referenced action now pending against **it** in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, be removed therefrom to this Court." [**Bold added**] Moreover, Defendant Motorola's "Notice of Removal" (Doc. 1) refers to attached Exhibits A (omitted) and B, Defendant Motorola's Summons and

[1] The "Notice of Removal" Defendant Motorola filed on July 27, 2010 (Doc. 1) was defective as it failed to include an "Exhibit A" as referenced in the said "Notice." On August 3, 2010, more than 30 days after being served the Summons and copy of Plaintiff's Complaint, Defendant Motorola filed a "Notice of Filing State Court Summons" (Doc. 17) having attached to it a copy of the Summons Plaintiff caused to be served on Defendant Motorola on July 2, 2010. Although the Clerk's docket entry refers to the said "Notice of Filing State Court Summons" (Doc. 17) as an "Amendment to 1 Notice of Removal," Defendant Motorola's "Notice of Filing State Court Summons" (Doc. 17) refers in no way to its "Notice of Removal" (Doc. 1), nor does it purport in any manner to be an "Amendment."

copy of Plaintiff's Complaint respectively, constituting "copies of all process, pleadings and orders **served upon this defendant [Motorola]** on this action." [**Bold added**]

9. "Defendant MorphoTrak Inc's Notice of Filing Motion For Extension of Response Deadline Previously Pending In State Court" (Doc. 22), filed on August 6, 2010, was the first document filed by Defendant MorphoTrak following Defendant Motorola's faulty "Notice of Removal." The "Notice of Filing Motion For Extension of Response Deadline Previously Pending In State Court" filed by Defendant MorphoTrak on August 6, 2010 (Doc. 22), in no way states Defendant MorphoTrak's desire or consent to removal of the subject case to federal court. Moreover, even if Defendant MorphoTrak's "Notice of Filing Motion For Extension of Response Deadline Previously Pending In State Court" did imply Defendant MorphoTrak's notice of its desire or consent to remove the subject case to federal court (which it does not), such notice is untimely as it was not filed until thirty-four (34) days after Defendant MorphoTrack was served with a Summons and copy of Plaintiff's Complaint.

10. A Defendant must file its "Notice of Removal" within thirty (30) days of service. Additionally, all Defendants must consent to removal within the 30-day time period. The Eleventh Circuit Court of Appeal has long held "the law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court." *Russell Corporation v. American Home Assurance Co.,* 264 F.3d 1040, 1049 (11th Cir. 2001) (citing *Chicago, R.I. & P. Ry. Co.,* 178 U.S. at 247-48; *see also In re Managed Care Litigation,* unreported opinion 2009 WL 413512 (S.D.Fla., 2009)).

11. Should Defendants attempt to argue the extension MorphoTrak requested and received from the Plaintiff, while the subject case was pending in the Circuit Court of the Second Judicial Circuit In and For Leon County, Florida, regarding Defendant MorphoTrak's 20-day

deadline for filing its response to the Plaintiff's Complaint also extended Defendant MorphoTrak's 30-day deadline for filing its "Notice of Consent to Removal," such argument would be without merit, and contrary to the Eleventh Circuit Court of Appeal's long standing position that "[f]ederal courts are courts of limited jurisdiction and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corporation v. American Home Assurance Co.,* 264 F.3d 1040, 1049 (11th Cir. 2001) (citing, *Burns v. Windsor Ins. Co.* 31 F.3d 1092, 1095 (11th Cir. 2004)).

12. Any attempt by the Defendants to assert Plaintiff has waived in any way his objections to Defendant MorphoTrak's failure to file a timely "Notice of Removal" or "Notice of Consent to Removal" based on the Plaintiff's conduct since Defendant Motorola filed its faulty "Notice of Removal" would be baseless. In declaring a Plaintiff's post-removal stipulation granting Defendants a 10-day extension in which to file a response to the Plaintiff's Complaint in no way constituted a waiver of the 30-day limitation on removal to federal court, the U.S. District Court for the Northern District of Illinois stated:

> [t]he type of post-removal conduct that constitutes a waiver of the right to remand has been described as ". . . affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand . . ."

*Ortiz v. General Motors Acceptance Corporation, Inc.,* 583 F.Supp. 526 (N.D.Il. 1984) (citing *Maybruck v. Haim,* 290 F.Supp. 721 (S.D.N.Y. 1968)).

13. Because Defendant MorphoTrack failed to file a timely "Notice of Removal" or "Notice of Consent To Removal," the Defendants have failed to timely demonstrate unanimity in their desire to remove the subject case to federal court and are thereby precluded from removal to U.S. District Court, rendering remand to the Circuit Court of the Second Judicial Circuit In and

For Leon County, Florida, appropriate. "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Russell Corporation v. American Home Assurance Co.,* 264 F.3d 1040, 1044 (11th Cir. 2001).

**III. The Plaintiff's State Whistleblower Claims In Counts II And III Are Inextricably Linked To The Plaintiff's Florida False Claims Act *Qui Tam* Claims In Count I Accordingly All Of The Claims In The Plaintiff's Complaint Should Be Remanded**

14. The case of *Moore v. Abbott Laboratories, Inc.*, 900 F.Supp. 26 (S.D.Miss. 1995), involved a state anti-trust action as well as an "unfair and deceptive trade practices claim" by the Mississippi Attorney General on behalf of the State of Mississippi and *parens patriae* on behalf of the citizens of Mississippi, relating to certain infant formula products manufactured and distributed by the defendant corporations, all of whom were domiciled and headquartered in states other than Mississippi. In addition to the Mississippi Attorney General, other plaintiffs in *Abbott* included class representatives, represented by private attorneys bringing state class actions alleging various Mississippi state law violations on behalf of Mississippi consumers adversely impacted by the defendant corporations' anti-competitive and deceptive conduct. The case was filed in Mississippi state court, and the defendant corporations promptly removed all claims by all parties to U.S. District Court. After determining the State of Mississippi was a "real party in interest," and rejecting the defendant corporations' assertions the case involved federal law claims "artfully pleaded" by the Mississippi Attorney General as purely state law claims, the U.S. District Court remanded all claims and all parties back to Mississippi state court as the State of Mississippi had no citizenship for purposes of establishing diversity jurisdiction

and the case did not involve a claim under the U.S. Constitution, federal statute or other federal question.

15. Having examined at length the issue of whether the various Mississippi state law claims of the plaintiff Mississippi class representatives should also be remanded to Mississippi state court when the U.S. District Court lacked diversity jurisdiction over the State of Mississippi as a real party in interest, the U.S. District Court for the Southern District of Mississippi held that the defendant corporations must bear the burden of showing the claims for which diversity jurisdiction is not prohibited are "separate and independent" and should not be remanded to state court with the rest of the action. *Abbott* at 29 and 32.

16. The *Abbot* Court specifically held the state law claims brought by the class representatives must also be remanded to Mississippi state court as they arose from the same set of facts as the Mississippi Attorney General's claims and were not "separate and independent" claims, citing the United States Supreme Court's position in *American Fire & Casualty Co. c. Finn*, 71 S. Ct. 534, 540 (1951), which held "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action." *Abbott* at 32.

17. In the present case, neither Defendant MorphoTrak nor Defendant Motorola can show the claims in Counts II and III of Plaintiff's Complaint are "separate and independent" of the claims in Count I, as the claims in all three counts arose from the same conduct by the Defendants, and are inextricably linked.

18. Because of the State of Florida's status as a "real party in interest," as well as the Defendants' failure to timely demonstrate unanimity regarding their desire to remove the subject case to federal court, coupled with the fact this case does not involve a claim or right arising

under the U.S. Constitution, treaties, laws of the United States or a federal question, federal jurisdiction does not exist in this case. Accordingly, this entire case, including the state whistleblower claims in Counts II and III, should be remanded to the Circuit Court of the Second Judicial Circuit In and For Leon County, Florida, as Counts I and II arise from the same interlocking facts as the cause of action set forth in Count I.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter an order remanding the above captioned case to the Circuit Court of the Second Judicial Circuit In and For Leon County, Florida, and except for matters relating to federal court jurisdiction, removal and remand, withhold rulings and toll all time periods Plaintiff has to respond to Defendants' motions (including MorphoTrak's pending Motion to Dismiss) and the Court's "Initial Scheduling Order," until the Court has entered its rulings relating to federal court jurisdiction, removal and remand, and to grant such further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 14th day of August, 2010.

MOYÉ LAW FIRM
527 East Park Avenue
Tallahassee, Florida 32301
(850) 224-MOYÉ (6693) Voice
(850) 222-MOYÉ (6693) Facsimile

David W. Moyé
DAVID W. MOYÉ
Fla. Bar No: 0782350
TRACY P. MOYÉ
Fla. Bar No. 0782361

## CERTIFICATE OF N.D. Fla. R. 7.1(B) CONFERENCE AND SERVICE

### N.D. Fla. R. 7.1(B) CONFERENCE

I HEREBY CERTIFY that I have conferred with counsel for the opposing parties in a good faith effort to resolve by agreement the issues raised in this Motion pursuant to N.D. Fla. Loc. R. 7.1(B), as set forth below, and report to this Honorable Court the Defendants' respective positions regarding the Plaintiff's request for remand, stay of rulings, and tolling of time periods:

1. **Remand** the case back to the Circuit Court of the Second Judicial Circuit In and For Leon County, Florida:

   Defendant **MorphoTrak** - **AGREES**
   Defendant **Motorola** - **DISAGREES**

2. **Stay ruling on any Motions filed by the Defendants** until the Court decides whether or not there is federal court jurisdiction for this case and whether or not to remand the case to the Circuit Court of the Second Judicial Circuit In and For Leon County, Florida:

   Defendant **MorphoTrak** - **AGREES**
   Defendant **Motorola** - **AGREES**

3. **Tolling time period(s)** for filing a **response to any motion** and complying with the **Court's Initial Scheduling Order** until the Court decides whether or not there is federal court jurisdiction and whether not to remand this case to the Circuit Court of the Second Judicial Court In and For Leon County, Florida.

   Defendant **MorphoTrak** - **AGREES** with tolling response to Initial Scheduling Order, **DISAGREES** with Plaintiff not filing a response to pending Motion To Dismiss Counts I and II.
   Defendant **Motorola** - **AGREES**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2010, a true and correct copy of the foregoing has been electronically filed with the Court via CM/ECF, which will send a notice of electronic filing to: **Elizabeth L. Bevington** and **Kevin W. Cox**, Holland & Knight, LLP, P.O. Box 810 Tallahassee, Florida, 32302; **Brian Newman** and **Brandice Dickson**, Pennington,

Moore, Wilkinson, Bell & Dunbar, 215 S. Monroe Street, Suite 200, Tallahassee, Florida 32301; and **J. Mark Kraus**, Department of Legal Affairs, 400 South Monroe Street, #PL-01, Tallahassee, Florida 32399.

DAVID W. MOYÉ
Fla. Bar No: 0782350
TRACY P. MOYÉ
Fla. Bar No. 0782361